| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>16th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS AND COMPLAINT** | **CASE NO.**<br>17-1202 GC |

**Court address**: 32765 Five Mile Road, Livonia, MI 48154  
**Court telephone no.**: (734) 466-2500

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Lucian Gizel<br>c/o CREDIT REPAIR LAWYERS OF AMERICA<br>22142 W. Nine Mile Rd.<br>Southfield, MI 48033<br>(248) 353-2882 | v | Equifax Information Services, LLC<br>RA: CSC Lawyers Incorporating Service Company<br>601 Abbott Rd.<br>East Lansing, MI 48823<br><br>Security Federal Credit Union<br>3801 W. Boulevard Drive<br>Flint, MI 48505 |

Plaintiff's attorney, bar no., address, and telephone no.
Gary D. Nitzkin P41155
CREDIT REPAIR LAWYERS OF AMERICA
22142 W. Nine Mile Rd.
Southfield, MI 48033
(248) 353-2882

(Stamp: 16th DISTRICT COURT JUL 10 2017)

**SUMMONS** | **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued 07/10/17 | This summons expires 10/09/17 | Court clerk N. Stojcevska |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** | *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Livonia, MI | East Lansing and Flint, MI |

Place where action arose or business conducted
Livonia, MI

07/05/2017
Date

Signature of attorney/plaintiff: Gary D. Nitzkin w/permission

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT<br>Case No. |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                          Date

My commission expires: _____   Signature: _____
                        Date                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                      Attachments

_____ on _____
                                   Day, date, time

_____ on behalf of _____

Signature

STATE OF MICHIGAN
IN THE 16th DISTRICT COURT

LUCIAN GIZEL,
    Plaintiff,
v.

EQUIFAX INFORMATION SERVICES, LLC,
a Georgia company, and
SECURITY FEDERAL CREDIT UNION,
a Michigan company,
    Defendants.
_____/

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
Phone (248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com
_____/

16TH DISTRICT COURT
JUL 10 2017

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, LUCIAN GIZEL, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN,** and for his Complaint against the Defendants, plead as follows:

### VENUE

1. The transactions and occurrences which give rise to this action occurred in Livonia, Wayne County, Michigan.

2. Venue is proper in 16th District Court in Wayne County, Michigan as the actions and occurrences recited herein occurred in the city of Livonia, in Wayne County, Michigan.

3. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

1

## PARTIES

4. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") which is a Georgia company that maintains a registered agent in Ingham County, Michigan; and

    b. Security Federal Credit Union ("Security Credit Union"), which upon information and belief, is a Michigan company that maintains its offices in Genesee County, Michigan.

## GENERAL ALLEGATIONS

5. Security Credit Union is reporting its trade line with account number 154955* ("Errant Trade Line") on Plaintiff's Equifax credit report with an erroneous status of charge off and multiple charge off codes in the payment history after the date that the account was paid.

6. Several years ago, Mr. Gizel co-signed a loan for a friend but his friend became delinquent on the account in 2010.

7. In 2010, Mr. Gizel and Defendant Security Credit Union reached an agreement to remove Mr. Gizel from the account. Per the agreement with the manager of the Loss Prevention department, Mr. Gizel would pay the settlement amount of $1,835 and Defendant would not report negatively on his credit files.

8. On or about February 25, 2011, Mr. Gizel received a letter from Security Credit Union confirming that Mr. Gizel paid the settlement. Security Credit Union stated in the letter that the funds have been applied to the deficiency and Mr. Gizel is released from the obligation to repay any addition funds. Security Credit Union will report the satisfaction of his obligation in full to the national credit reporting agencies today. The letter went on

2

to state that Mr. Gizel should retain the letter as receipt and proof of satisfaction of his obligation.

9. On or about May 2, 2013, Mr. Gizel received a letter from Security Credit Union stating that his obligation to repay Security Credit Union has been fulfilled.

10. On or about May 8, 2017, Mr. Gizel received an alert from Equifax regarding a negative item on his credit report.

11. On May 12, 2017, Mr. Gizel obtained his Equifax credit file and noticed Security Credit Union reporting the Errant Trade Line.

12. On or about May 25, 2017, Mr. Gizel submitted a letter to Equifax disputing the Errant Trade Line. We explained that Mr. Gizel settled the account in 2011 and per the agreement, the Errant Trade Line should report positively, attaching the two aforementioned letters from Security Credit Union to the dispute letters.

13. Upon information and belief, Equifax submitted the dispute to Security Credit Union.

14. On or about June 4, 2017, Mr. Gizel received Equifax's investigation results which stated the creditor is currently reporting a zero balance for this account. However, Secuirty Credit Union is reporting the Errant Trade Line with a Status of Charge Off and Charge Off codes in the payment history from June 2014 to April 2017. Security Credit Union should not report anything after the account was paid off in February 2011.

15. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in his credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue

stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SECURITY CREDIT UNION

16. Plaintiff realleges the above paragraphs as if recited verbatim.

17. After being informed by Equifax of Mr. Gizel's consumer dispute to the Errant Trade Line, Security Credit Union negligently failed to conduct a proper investigation of Mr. Gizel's dispute as required by 15 USC 1681s-2(b).

18. Security Credit Union negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to remove the negative reporting rom Mr. Gizel's credit file.

19. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Gizel's consumer credit file with Equifax to which it is reporting such trade line.

20. As a direct and proximate cause of Security Credit Union's negligent failure to perform its duties under the FCRA, Mr. Gizel has suffered damages, mental anguish, suffering, humiliation and embarrassment.

21. Security Credit Union is liable to Mr. Gizel by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

22. Mr. Gizel has a private right of action to assert claims against Security Credit Union arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Security Credit Union for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SECURITY CREDIT UNION

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by Equifax that Mr. Gizel disputed the accuracy of the information it was providing, Security Credit Union willfully failed to conduct a proper reinvestigation of Mr. Gizel's dispute.

25. Security Credit Union willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

26. As a direct and proximate cause of Security Credit Union's willful failure to perform its respective duties under the FCRA, Mr. Gizel has suffered damages, mental anguish, suffering, humiliation and embarrassment.

27. Security Credit Union is liable to Mr. Gizel for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to

be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Security Credit Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

28. Plaintiff realleges the above paragraphs as if recited verbatim.
29. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Gizel as that term is defined in 15 USC 1681a.
30. Such reports contained information about Mr. Gizel that was false, misleading and inaccurate.
31. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Gizel, in violation of 15 USC 1681e(b).
32. After receiving Mr. Gizel's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

33. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Gizel has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

34. Equifax is liable to Mr. Gizel by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Gizel as that term is defined in 15 USC 1681a.

37. Such reports contained information about Mr. Gizel that was false, misleading and inaccurate.

38. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Gizel, in violation of 15 USC 1681e(b).

7

39. After receiving Mr. Gizel's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

40. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Gizel has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

41. Equifax is liable to Mr. Gizel by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

July 5, 2017

*Gary D. Nitzkin w/ permission*
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com

**CERTIFIED MAIL**

NITZKIN & ASSOCIATES
22142 W 9 MILE ROAD
SOUTHFIELD, MICHIGAN 48033

7012 1640 0000 0674 1450



Equifax Information Services, LLC
RA: CSC Lawyers Incorporating
Service Company
601 Abbott Rd.
East Lansing, MI 48823